Opinion of the court by
Judge Owsley.
[Absent Ch. Justice Bibb.]
These appeals were prayed from a judgment rendered for an undivided moiety of two hundred acres of land in favour of M’Kinney &c. upon a special verdict in an action of ejectment, brought by them to recover a greater quantity from Holmes &c.
There appears to have been a previous trial of the same cause, and after a verdict was found by the jury, for Holmes &c. a new trial was awarded; and on the part of Holmes &c. it is now assigned for error, that the court should have rendered judgment in their favour upon the first verdict, and not have granted a new trial.
The new trial was applied for and granted by the court exclusively upon the ground of surprise, as contained in the affidavit of Francis M’Kinney, one of three lessors mentioned in the demises laid in the declaration. It appears that on the trial, the copy of a deed certified by the county court clerk of Fayette county, and purporting to be for land lying in the counties of Harrison and Pendleton, and transcribed from records of the late Lexington district court, now in the possession of the Fayette clerk, was introduced in evidence by the lessors of the plaintiff; and that in consequence of the clerk of the district court of Lexington not possessing competent authority to take the acknowledgment of deeds for land not lying within the district, the copy was excluded from going in evidence to the jury, and the surprise for which the new trial was granted is alledged by the affidavit to have been produced by the decision of the court rejecting the copy from being used in evidence.
That there may be cases in which for a surprise of a party in the progress of a trial, it would not only be competent, but proper for the court to exercise its supervising power, and award a new trial, *5 is a proposition not to be doubted. A power in the court to set aside the verdict of a jury for such a cause has been repeatedly recognized by adjudged cases, and in the course of judicial proceedings, must, for the attainment of substantial justice, be often exercised.
If the decision be obviously correct, it cannot surprise.
In all cases where the decision is correct, the surprise must be shown something more than a mere affidavit of the fact.
If there are several plaintiffs, the affidavit of the surprise of one who does not appear to have had the exclusive management of the case, is not sufficient.
But it is not every opinion which may be given by be court, upon questions raised in the progress of a jury trial, that will be such a ground of surprise as to authorize the court to disturb the verdict of a jury. The decision of the court may be so obviously correct, that a suggestion of surprise by the party or his counsel, against whose interest it operates, would imply such gross inattention and negligence in the preparation and management of the cause, as to forbid the court, in the exercise of its legal discretion, from interfering with the verdict.
What is the sort of surprise for which it would be proper for the court to award a new trial, must depend so much upon the circumstances of each particular case, that any attempt to lay down a rule of general application to all cases would be entirely vain and useless. We would however, remark, that no decision of the court, correctly given, can, without the aid of extraneous circumstances, authorize the setting aside a verdict upon the ground of surprise. A correct decision can never be evidence of surprise. If surprise be alleged, it must be made out by other proof and by other circumstances.
In this case, the affidavit of Francis M'Kinney, one of the lessors of the plaintiff in the court below. was produced to the court for the purpose of proving the surprise alleged as the ground for a new trial. But there are two other lessors mentioned in the declaration of ejectment; and although he states that he was surprised by the decision of the court, it no where appears in the affidavit, that the management of the cause was confided to, or conducted by him; and if others, and not M’Kinney, were the active lessors in the preparation of the cause for trial, and if they were not surprised by the decision, though he may have been, there was *6 certainly no good cause for setting aside the verdict.
Where the evidence rejected is obviously and palpably correct, the affidavit of the party that he was surprised cannot avail.
It ought to appear, at least, that the affliant had good reason to believe the evidence was admissable; that his dependence on it was not owning to his negligence, and that its place could be supplied on a new trial.
If all stated in the affidavit may be true, and yet the party have been negligent, he cannot have a new trial for surprise.
*6 But supposing that he was the active agent in preparing the cause for trial, is his affidavit that he was surprised by the decision, unconnected with other circumstances, sufficient cause to authorize the new trial? If that decision be any ground of surprise, it would be difficult to imagine one, however obviously correct, that might not be urged as the cause of surprise to overturn the finding of a jury. The copy, which by the decision was excluded from going in evidence to the jury, was in the possession of M'Kinney, subject to his inspection, and so obviously and palpably inadmissible as evidence, that no attorney who is worthy of the profession of which he is a member, could for a moment hesitate to pronounce it incompetent evidence. We cannot, therefore, admit that such a decision, per se, forms any ground of surprise.
To have made out even a plausible ground for a new trial, in addition to the surprise alleged in the affidavit, M'Kinney should not only appear to have had good reason to believe that the copy would have been admitted in evidence, but it should moreover appear that he would have it in his power, on another trial, by the introduction of other evidence, to establish the facts which the copy was designed to prove, and that in not producing that evidence on the first trial, he was free from fault. In these respects, however, we think the affidavit of M'Kinney insufficient. Though, as stated in his affidavit, M'Kinney may have been induced by his counsel to believe that no other evidence of title, except the copy, would be required, and though resting upon that belief, he may. as his affidavit seems to imply, not have searched for the original deed before the trial, yet it does not follow, that upon the facts contained in the affidavit, it was correct to grant a new trial.
The facts stated in the affidavit may all be true, and yet in the preparation of the cause for trial, M'Kinney may not have been free from neglect. We are not informed by the affidavit, in whose posses *7 sion the original deed was at the trials, or that if might not then have been produced. We are told that M’Kinney, before the trial, made no search for it, and that he has been, since the trial, informed that the original is in existence. But all this may be true, and yet at the trial the deed may have been in the possession of M’Kinney, or some one of the other lessors of the plaintiff, and by the exercise of due diligence, might, after the copy was rejected, have been produced in evidence. He may have failed to search for the original, because without searching he may have known where it was, and although he may have known where it was, and might have produced it on the trial, he may have been since informed that it is in existence.
Decision of the circuit court granting a new trial and judgment on a subsequent verdict for the other party reversed, and judgment directed on the first verdict.
Wickliffe & Crittenden, for Holmes &c. Denny, Attorney General, for M’Kinney &c.
Hence, we infer that the court erred in granting a new trial
The judgment rendered upon the second verdict, must, therefore, be reversed, the cause remanded to the court below, and all the proceedings subsequent to the first verdict set aside, and judgment rendered in favor of Holmes, &c upon the first verdict. M’Kinney, &c. must pay the cost of both appeals in this court.